Official Form 1 (4/07) Thomson West, Rochester, NY

| United States Bankruptcy Court | **Voluntary Petition** |
|---|---|
| *NORTHERN* DISTRICT OF *ILLINOIS* | |

| Name of Debtor (if individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| **Roach, Jeffrey Bernard** | **Peery, Elizabeth A.** |

| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
|---|---|
| **NONE** | **NONE** |

| Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all): **9510** | Last four digits of Soc. Sec./Compete EIN or other Tax I.D. No. (if more than one, state all): **4178** |
|---|---|

| Street Address of Debtor (No. & Street, City, and State): | | Street Address of Joint Debtor (No. & Street, City, and State): | |
|---|---|---|---|
| **583 Gamble Drive** | | **583 Gamble Drive** | |
| **Lisle IL** | ZIPCODE **60532** | **Lisle IL** | ZIPCODE **60532** |

| County of Residence or of the Principal Place of Business: **DuPage** | County of Residence or of the Principal Place of Business: **DuPage** |
|---|---|

| Mailing Address of Debtor (if different from street address): | | Mailing Address of Joint Debtor (if different from street address): | |
|---|---|---|---|
| **SAME** | ZIPCODE | **SAME** | ZIPCODE |

| Location of Principal Assets of Business Debtor (if different from street address above): **NOT APPLICABLE** | | ZIPCODE |
|---|---|---|

| **Type of Debtor** (Form of organization) (Check **one** box.) | **Nature of Business** (Check **one** box.) | **Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box) |
|---|---|---|
| ☒ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.* ☐ Corporation (includes LLC and LLP) ☐ Partnership ☐ Other (if debtor is not one of the above entities, check this box and state type of entity below) | ☐ Health Care Business ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B) ☐ Railroad ☐ Stockbroker ☐ Commodity Broker ☐ Clearing Bank ☐ Other | ☒ Chapter 7   ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding ☐ Chapter 9   ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding ☐ Chapter 11 ☐ Chapter 12 ☐ Chapter 13 |

**Nature of Debts** (Check one box)

☒ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose"    ☐ Debts are primarily business debts.

**Tax-Exempt Entity** (Check box, if applicable.)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter 11 Debtors:**

**Check one box:**
☐ Debtor is a small business as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

**Filing Fee** (Check one box)

☒ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Offi cial Form 3B.

**Check all applicable boxes:**
☐ A plan is being filed with this petition
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.

☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

| Estimated Number of Creditors | 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|---|
| | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to $10,000 | $10,000 to $100,000 | $100,001 to $1 million | $1 million to $100 million | Over $100 million |
|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ |

| Estimated Liabilities | $0 to $50,000 | $50,000 to $100,000 | $100,001 to $1 million | $1 million to $100 million | More than $100 million |
|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ |

Official Form 1 (4/07) Thomson West, Rochester, NY

FORM B1, Page 2

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): *Jeffrey Bernard Roach and Elizabeth A. Peery* |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** | (If more than two, attach additional sheet) | |
|---|---|---|
| Location Where Filed: *NONE* | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** | (If more than one, attach additional sheet) | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

<table>
<tr>
<td>
<b>Exhibit A</b><br>
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11)<br><br>
☐ Exhibit A is attached and made a part of this petition
</td>
<td>
<b>Exhibit B</b><br>
(To be completed if debtor is an individual whose debts are primarily consumer debts)<br>
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>
X <i>/s/ James Schelli, Jr.</i>      <i>11/16/2007</i><br>
   Signature of Attorney for Debtor(s)     Date
</td>
</tr>
</table>

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and exhibit C is attached and made a part of this petition.
☒ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒ Exhibit D completed and signed by the debtor is attached and made part of this petition.

If this is a joint petition:

☒ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Statement by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

Official Form 1 (4/07) Thomson West, Rochester, NY

FORM B1, Page   3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| (This page must be completed and filed in every case) | *Jeffrey Bernard Roach and*<br>*Elizabeth A. Peery* |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b)

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X */s/ Jeffrey Bernard Roach*
Signature of Debtor

X */s/ Elizabeth A. Peery*
Signature of Joint Debtor

Telephone Number (if not represented by attorney)

*11/16/2007*
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed name of Foreign Representative)

*11/16/2007*
(Date)

### Signature of Attorney

X */s/ James Schelli, Jr.*
Signature of Attorney for Debtor(s)

*James Schelli, Jr. 6188903*
Printed Name of Attorney for Debtor(s)

*WEBSTER & SCHELLI, P.C.*
Firm Name

*1730 Park Street, Suite 220*
Address

*Naperville IL  60563*

*630.416.4500*
Telephone Number

*11/16/2007*
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

*11/16/2007*
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## NORTHERN DIVISION

In re  *Jeffrey Bernard Roach*                           Case No.
*and*                                                    Chapter    7
*Elizabeth A. Peery*

_____
Debtor(s)

# EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**WARNING: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒    1. Within the 180 days   **before the filing of my bankruptcy case,**    I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.   *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐    2. Within the 180 days   **before the filing of my bankruptcy case,**    I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not I have a certificate from the agency describing the services provided to me.   *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐    3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.   *[Must be accompanied by a motion for determination by the court.] [Summarize exigent circumstances here.]*

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

Official Form 1, Exhibit D (10/05) West Group, Rochester, NY

☐   4. I am not required to receive a credit counseling briefing because of:   *[Check the applicable statement]*
*[Must be accompanied by a motion for determination by the court.]*

       ☐   Incapacity. (Defined in 11 U.S.C. § 109 (h)(4) as impaired by reason of mental illness or mental deficiency
so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

       ☐   Disability. (Defined in 11 U.S.C. § 109 (h)(4) as physically impaired to the extent of being unable, after
reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

       ☐   Active military duty in a military combat zone.

  ☐   5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement
of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    */s/ Jeffrey Bernard Roach*

Date:   *11/16/2007*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## NORTHERN DIVISION

In re *Jeffrey Bernard Roach*  
   *and*  
   *Elizabeth A. Peery*

Case No.  
Chapter   7

_____

                   **Debtor(s)**

# EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**WARNING: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒     1. Within the 180 days   **before the filing of my bankruptcy case,**     I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.   *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐     2. Within the 180 days   **before the filing of my bankruptcy case,**     I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not I have a certificate from the agency describing the services provided to me.   *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐     3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.    *[Must be accompanied by a motion for determination by the court.] [Summarize exigent circumstances here.]*

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

☐    4.  I am not required to receive a credit counseling briefing because of:   *[Check the applicable statement]*
*[Must be accompanied by a motion for determination by the court.]*

☐    Incapacity. (Defined in 11 U.S.C. § 109 (h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐    Disability. (Defined in 11 U.S.C. § 109 (h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐    Active military duty in a military combat zone.

☐    5.  The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   */s/ Elizabeth A. Peery*

Date:   *11/16/2007*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# NORTHERN DIVISION

In re    *Jeffrey Bernard Roach*                                                     Case No.
    *and*                                                                            Chapter  7
    *Elizabeth A. Peery*

_____ / Debtor

Attorney for Debtor:    *James Schelli, Jr.*

# STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1. The undersigned is the attorney for the debtor(s) in this case.

2. The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
   a) For legal services rendered or to be rendered in contemplation of and in
      connection with this case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____*2,500.00*
   b) Prior to the filing of this statement, debtor(s) have paid . . . . . . . . . . . . . . $_____*1,001.00*
   c) The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . $_____*1,499.00*

3. $_____*299.00*_____ of the filing fee in this case has been paid.

4. The Services rendered or to be rendered include the following:
   a) Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to
      file a petition under title 11 of the United States Code.
   b) Preparation and filing of the petition, schedules, statement of financial affairs and other documents required by the
      court.
   c) Representation of the debtor(s) at the meeting of creditors.

5. The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for
   services performed, and
       *None other*

6. The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will
   be from earnings, wages and compensation for services performed, and
       *None other*

7. The undersigned has received no transfer, assignment or pledge of property from debtor(s) except the following for
   the value stated:
       *None*

8. The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's
   law firm, any compensation paid or to be paid except as follows:
       *None*

Dated: *11/16/2007*                          Respectfully submitted,

                              X */s/ James Schelli, Jr.* _____
            Attorney for Petitioner: *James Schelli, Jr.*
                              *WEBSTER & SCHELLI, P.C.*
                              *1730 Park Street, Suite 220*
                              *Naperville IL  60563*

Form B 201 (11/03) West Group, Rochester, NY

# UNITED STATES BANKRUPTCY COURT
# NOTICE TO INDIVIDUAL CONSUMER DEBTOR

The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Court employees are prohibited from giving you legal advice.

## Chapter 7: Liquidation ($155 filing fee plus $39 administrative fee plus $15 trustee surcharge)

1.  Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2.  Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3.  The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankuptcy petition will be defeated.

4.  Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5.  Under certain circumstances you may keep property that you have purchased subject to valid security interest. Your attorney can expain the options that are available to you.

## Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($155 filing fee plus $39 administrative fee)

1.  Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankuptcy Code.

2.  Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but no more than five years. Your plan must be approved by the court before it can take effect.

3.  Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4.  After completion of payments under the plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

## Chapter 11: Reorganization ($800 filing fee plus $39 administrative fee)

Chapter 11 is designed primarily for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

## Chapter 12: Family farmer ($200 filing fee plus $39 administrative fee)

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm.

I, the debtor, affirm that I have read this notice.

| | | |
|---|---|---|
| _11/16/2007_ | _/s/Jeffrey Bernard Roach_ | |
| Date | Signature of Debtor | Case Number |
| _11/16/2007_ | _/s/Elizabeth A. Peery_ | |
| Date | Signature of Joint Debtor | |

DEBTOR COPY        COURT COPY
(circle one)

(4/98) West Group, Rochester, NY

# STATEMENT OF INFORMATION REQUIRED BY 11 U.S.C. § 341

INTRODUCTION

Pursuant to the Bankruptcy Reform Act of 1994, the Office of the United States Trustee, United States Department of Justice, has prepared this information sheet to help you understand some of the consequences of filing a bankruptcy petition under chapter 7 of the Bankruptcy Code. This information is intended to make you aware of

   (1)  the potential consequences of seeking a discharge in bankruptcy, including the effects on credit history;
   (2)  the effect of receiving a discharge of debts;
   (3)  the effect of reaffirming a debt; and
   (4)  your ability to file a petition under a different chapter of the Bankruptcy Code.

There are many other provisions of the Bankruptcy Code that may affect your situation. This information sheet contains only general principles of law and is not a substitute for legal advice. If you have questions or need further information as to how the bankruptcy laws apply to your specific case, you should consult with your lawyer.

WHAT IS A DISCHARGE?

The filing of a chapter 7 petition is designed to result in a discharge of most of the debts you listed on your bankruptcy schedules. A discharge is a court order that says you do not have to repay your debts, but there are a number of exceptions. Debts which may not be discharged in your chapter 7 case include, for example, most taxes, child support, alimony, and student loans; court-ordered fines and restitution; debts obtained through fraud or deception; and personal injury debts caused by driving while intoxicated or taking drugs. Your discharge may be denied entirely if you, for example, destroy or conceal property; destroy, conceal or falsify records; or make a false oath. Creditors cannot ask you to pay any debts which have been discharged. You can only receive a chapter 7 discharge once every six (6) years.

WHAT ARE THE POTENTIAL EFFECTS OF A DISCHARGE?

The fact that you filed bankruptcy can appear on your credit report for as long as 10 years. Thus, filing a bankruptcy petition may affect your ability to obtain credit in the future. Also, you may not be excused from repaying any debts that were not listed on your bankruptcy schedules or that you incurred after you filed bankruptcy.

WHAT ARE THE EFFECTS OF REAFFIRMING A DEBT?

After you file your petition, a creditor may ask you to reaffirm a certain debt or you may seek to do so on your own. Reaffirming a debt means that you sign and file with the court a legally enforceable document, which states that you promise to repay all or a portion of the debt that may otherwise have been discharged in your bankruptcy case. Reaffirmation agreements must generally be filed with the court within 60 days after the first meeting of creditors.

Reaffirmation agreements are strictly voluntary - they are not required by the Bankruptcy Code or other state or federal law. You can voluntarily repay any debt instead of signing a reaffirmation agreement, but there may be valid reasons for wanting to reaffirm a particular debt.

Reaffirmation agreements must not impose an undue burden on you or your dependents and must be in your best interest. If you decide to sign a reaffirmation agreement, you may cancel it at any time before the court issues your discharge order or within sixty (60) days after the reaffirmation agreement was filed with the court, whichever is later. If you reaffirm a debt and fail to make the payments required in the reaffirmation agreement, the creditor can take action against you to recover any property that was given as security for the loan and you may remain personally liable for any remaining debt.

OTHER BANKRUPTCY OPTIONS

You have a choice in deciding what chapter of the Bankruptcy Code will best suit your needs. Even if you have already filed for relief under chapter 7, you may be eligible to convert your case to a different chapter.

Chapter 7 is the liquidation chapter of the Bankruptcy Code. Under chapter 7, a trustee is appointed to collect and sell, if economically feasible, all property you own that is not exempt from these actions.

Chapter 11 is the reorganization chapter most commonly used by businesses, but it is also available to individuals. Creditors vote on whether to accept or reject a plan, which also must be approved by the court. While the debtor normally remains in control of the assets, the court can order the appointment of a trustee to take possession and control of the business.

Chapter 12 offers bankruptcy relief to those who qualify as family farmers. Family farmers must propose a plan to repay their creditors over a three-to-five year period and it must be approved by the court. Plan payments are made through a chapter 12 trustee, who also monitors the debtors' farming operations during the pendency of the plan.

Finally, chapter 13 generally permits individuals to keep their property by repaying creditors out of their future income. Each chapter 13 debtor writes a plan which must be approved by the bankruptcy court. The debtor must pay the chapter 13 trustee the amounts set forth in their plan. Debtors receive a discharge after they complete their chapter 13 repayment plan. Chapter 13 is only available to individuals with regular income whose debts do not exceed $1,077,000 ($269,250 in unsecured debts and $807,750 in secured debts).

AGAIN, PLEASE SPEAK TO YOUR LAWYER IF YOU NEED FURTHER INFORMATION OR EXPLANATION, INCLUDING HOW THE BANKRUPTCY LAWS RELATE TO YOUR SPECIFIC CASE.

| 11/16/2007 | /s/Jeffrey Bernard Roach | /s/Elizabeth A. Peery |
|---|---|---|
| Date | Debtor | Joint Debtor |
| 11/16/2007 | /s/James Schelli, Jr. | |
| Date | Attorney for Debtor(s) | |

FORM B6A (10/05) West Group, Rochester, NY

In re _Jeffrey Bernard Roach and Elizabeth A. Peery_____ / Debtor    Case No._____

(if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether the husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C-Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Personal Residence located at 583 Gamble drive, Lisle, IL 605322, Purchased in May of 1997 for $183,000** | *Fee Simple* | J | $ 305,000.00 | $ 297,451.00 |
| **Rental property in Michigan** | *Fee Simple* | J | $ 70,000.00 | $ 68,122.00 |
| | | | | |
| No continuation sheets attached | | **TOTAL $** **(Report also on Summary of Schedules.)** | 375,000.00 | |

In re _Jeffrey Bernard Roach and Elizabeth A. Peery_ _____ / Debtor     Case No. _____

(if known)

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C-Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand. | | *Cash on Hand*<br>*Location: In debtor's possession* | J | *$ 50.00* |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | *Checking account at Lasalle Bank*<br>*Location: In debtor's possession*<br><br>*Checking account at TCF Bank*<br>*Location: In debtor's possession* | J<br><br>W | *$ 100.00*<br><br>*$ 50.00* |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | *Misc. household goods and furnishings*<br>*Location: In debtor's possession* | J | *$ 2,000.00* |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | *Necessary wearing apparel*<br>*Location: In debtor's possession* | J | *$ 600.00* |
| 7.  Furs and jewelry. | | *Wedding bands, wrist watch, misc. costume jewelry*<br>*Location: In debtor's possession* | J | *$ 300.00* |
| 8.  Firearms and sports, photographic, and other hobby equipment. | | *One pistol and knife collection*<br>*Location: In debtor's possession* | H | *$ 250.00* |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | *Term insurance only, offered by employer, beneficiaries are dependents of debtor and co-debtor.  No cash value.* | J | *$ 0.00* |

In re _Jeffrey Bernard Roach and Elizabeth A. Peery_ / Debtor    Case No. _____

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | _Location: In debtor's possession_ | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interest in an education IRA as defined in 26 U.S.C. 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. 521(c); Rule 1007(b)). | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | | _401(k) plan_ _Location: In debtor's possession_ | H | $ 800.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts Receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as described in 11 U.S.C. 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |

In re **Jeffrey Bernard Roach and Elizabeth A. Peery**                    / Debtor          Case No. _____
(if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 25. Automobiles, trucks, trailers and other vehicles. | | *1970 GMC Truck with over 150,000 miles*<br>*Location: In debtor's possession* | J | $ 3,000.00 |
| | | *1989 Mitsubishi Pickup Truck, does not run.*<br>*Location: In debtor's possession* | J | $ 200.00 |
| | | *2004 Pontiac Grand Prix in good condition.*<br>*Location: In debtor's possession* | J | $ 8,700.00 |
| 26. Boats, motors, and accessories. | | *Wave Runner, personal water craft, does not run.*<br>*Location: In debtor's possession* | J | $ 300.00 |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | *Personal computer*<br>*Location: In debtor's possession* | J | $ 500.00 |

Total ➡          $ 16,850.00

(Report total also on Summary of Schedules.)<br>Include amounts from any continuation sheets attached.

In re _Jeffrey Bernard Roach and Elizabeth A. Peery_____ / Debtor    Case No. _____

# SCHEDULE C-PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:         ☐ Check if debtor claims a homestead exemption that exceeds $136,875.

(Check one box)

☐ 11 U.S.C. § 522(b) (2):

☒ 11 U.S.C. § 522(b) (3):

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemptions |
|---|---|---|---|
| _Personal Residence_ | _735 ILCS 5/12-901_ | $ 30,000.00 | $ 305,000.00 |
| _Rental property in Michigan_ | _735 ILCS 5/12-1001(b)_ | $ 4,550.00 | $ 70,000.00 |
| _Cash on Hand_ | _735 ILCS 5/12-1001(b)_ | $ 50.00 | $ 50.00 |
| _Checking account at Lasalle bank_ | _735 ILCS 5/12-1001(b)_ | $ 100.00 | $ 100.00 |
| _Checking account at TCF Bank_ | _735 ILCS 5/12-1001(b)_ | $ 50.00 | $ 50.00 |
| _Misc. household goods and furnishings_ | _735 ILCS 5/12-1001(b)_ | $ 2,000.00 | $ 2,000.00 |
| _Necessary wearing apparel_ | _735 ILCS 5/12-1001(a)_ | $ 600.00 | $ 600.00 |
| _Wedding bands, wrist watch,_ | _735 ILCS 5/12-1001(a)_ | $ 300.00 | $ 300.00 |
| _One pistol and knife collection_ | _735 ILCS 5/12-1001(b)_ | $ 250.00 | $ 250.00 |
| _Term insurance only_ | _735 ILCS 5/12-1001(f)_ | $ 0.00 | $ 0.00 |
| _401(k) plan_ | _735 ILCS 5/12-1006_ | $ 800.00 | $ 800.00 |
| _1970 GMC Truck_ | _735 ILCS 5/12-1001(c)_ | $ 3,000.00 | $ 3,000.00 |
| _1989 Mitsubishi Pickup Truck_ | _735 ILCS 5/12-1001(b)_ | $ 200.00 | $ 200.00 |
| _2004 Pontiac Grand Prix_ | _735 ILCS 5/12-1001(c)_ | $ 308.00 | $ 8,700.00 |
| _Wave Runner_ | _735 ILCS 5/12-1001(b)_ | $ 300.00 | $ 300.00 |
| _Personal computer_ | _735 ILCS 5/12-1001(b)_ | $ 500.00 | $ 500.00 |

**Official Form 6D (10/06)**   West Group, Rochester, NY

In re *Jeffrey Bernard Roach and Elizabeth A. Peery*                    ,       Case No._____
                                    **Debtor(s)**                                                              **(if known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See U.S.C. § 112. If a "minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primary consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including ZIP Code and Account Number *(See Instructions Above.)* | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| Account No: *5044*<br>*Creditor # : 1*<br>*Chase*<br>*Po Box 901039*<br>*Fort Worth TX 76101* | *J* | *2006-01-01*<br>*Mortgage*<br><br>Value: *$ 305,000.00* | | | | *$ 89,172.00* | *$ 0.00* |
| Account No: *3646*<br>*Creditor # : 2*<br>*G M A C*<br>*5400 Gateway Ctr*<br>*Flint MI 48507* | *W* | *2004-02-01*<br>*Purchase Money Security*<br><br>Value: *$ 8,700.00* | | | | *$ 8,392.00* | *$ 0.00* |
| Account No: *2449*<br>*Creditor # : 3*<br>*Washington Mutual*<br>*Po Box 1093*<br>*Northridge CA 91328* | *J* | *2003-07-01*<br>*Mortgage*<br><br>Value: *$ 305,000.00* | | | | *$ 208,279.00* | *$ 0.00* |
| <u>1  </u>   continuation sheets attached | | | | | Subtotal $ *(Total of this page)* | *$ 305,843.00* | *$ 0.00* |
| | | | | | Total $ *(Use only on last page)* | | |
| | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

Official Form 6D (10/06)  - Cont. West Group, Rochester, NY

In re _Jeffrey Bernard Roach and Elizabeth A. Peery_____ ,    Case No._____
                    **Debtor(s)**                                              **(if known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address Including ZIP Code and Account Number *(See Instructions Above.)* | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien  H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| Account No: *4087*  *Creditor # : 4*  *Wells Fargo Home Mortg* *3476 Stateview Blvd* *Fort Mill SC 29715* | J | *2003-03-01*  *Mortgage*   Value: *$ 70,000.00* | | | | *$ 68,122.00* | *$ 0.00* |
| Account No: | | Value: | | | | | |
| Account No: | | Value: | | | | | |
| Account No: | | Value: | | | | | |
| Account No: | | Value: | | | | | |
| Account No: | | Value: | | | | | |

Sheet no. 1 of 1 continuation sheets attached to Schedule of Creditors Holding Secured Claims

| | | |
|---|---|---|
| **Subtotal $** (Total of this page) | *$ 68,122.00* | *$ 0.00* |
| **Total $** (Use only on last page) | *$ 373,965.00* | *$ 0.00* |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

Official Form 6 E (4/07) Thomson West, Rochester, NY

In re _Jeffrey Bernard Roach and Elizabeth A. Peery_____,    Case No._____
　　　　　　　　**Debtor(s)**                                                                        (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If a "minor child" is stated, also include the name, address and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 or 13 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts NOT entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts who file a case under chapter 7 report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☒ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**    (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**No continuation sheets attached**

Official Form 6F (10/06) West Group, Rochester, NY

In re _Jeffrey Bernard Roach and Elizabeth A. Peery_____,   Case No._____

**Debtor(s)**                                                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, indicate that by stating "a minor child" and do not disclose the child's name. See 11 U.S.C. § 112. If "a minor child" is stated, also include the name, address, and legal relationship to the minor child of a person described in Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation page provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules, and, if the debtor is an individual with primarily consumer debts filing a case under chapter 7, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   2470<br>Creditor # : 1<br>AT&T<br>Dallas TX | | W | Utility Bills | | | | $ 709.40 |
| Account No:   2470<br>Representing:<br>AT&T | | | Alliedinterstate<br>800 Interchange West<br>435 Ford Road<br>Minneapolis MN 55426 | | | | |
| Account No:   2532<br>Creditor # : 2<br>Bank Of America<br>P. O. Box 17054<br>Wilmington DE 19884 | | H | 1991-09-01<br>Credit Card Purchases | | | | $ 1,641.00 |
| Account No:   2882<br>Creditor # : 3<br>Bank Of America<br>P. O. Box 1598<br>Norfolk VA 23501 | | W | 2002-01-01<br>Credit Card Purchases | | | | $ 992.00 |

_3_ continuation sheets attached

Subtotal $   $ 3,342.40

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

Official Form 6F (10/06) - Cont. West Group, Rochester, NY

In re _Jeffrey Bernard Roach and Elizabeth A. Peery_____ ,        Case No. _____
           **Debtor(s)**                                                                            **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:    2786<br>*Creditor # : 4*<br>*Bank Of America*<br>*P.O. Box 1598*<br>*Norfolk VA 23501* | | W | *2001-10-01*<br>*Credit Card Purchases* | | | | $ 5,968.00 |
| Account No:    5221<br>*Creditor # : 5*<br>*Cap One Bk*<br>*P.O. Box 85520*<br>*Richmond VA 23285* | | W | *2000-09-01*<br>*Credit Card Purchases* | | | | $ 6,713.00 |
| Account No:    2065<br>*Creditor # : 6*<br>*Cap One Bk*<br>*P.O. Box 85520*<br>*Richmond VA 23285* | | H | *2005-01-01*<br>*Credit Card Purchases* | | | | $ 6,664.00 |
| Account No:    4782<br>*Creditor # : 7*<br>*Cap One Bk*<br>*Po Box 85520*<br>*Richmond VA 23285* | | H | *2002-02-01*<br>*Credit Card Purchases* | | | | $ 3,208.00 |
| Account No:    9091<br>*Creditor # : 8*<br>*Carson Pirie Scott*<br>*P.O. Box 10327*<br>*Jackson MS 39289* | | W | *Credit Card Purchases* | | | | $ 830.08 |
| Account No:    9091<br>*Representing:*<br>*Carson Pirie Scott* | | | *Carson Pirie Scott Retail Serv*<br>*P.O. Box 17264*<br>*Baltimore MD 21297* | | | | |

Sheet No.   _1_ of   _3_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $          $ 23,383.08
Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

Official Form 6F (10/06) - Cont. West Group, Rochester, NY

In re _Jeffrey Bernard Roach and Elizabeth A. Peery_ ,   Case No. _____

**Debtor(s)**   (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No.   8033<br><br>Creditor # : 9<br>Chase<br>800 Brooksedge Blvd<br>Westerville OH 43081 | | H | 2006-01-01<br><br>Credit Card Purchases | | | | $ 1,672.00 |
| Account No.   1123<br><br>Creditor # : 10<br>Chase<br>800 Brooksedge Blvd<br>Westerville OH 43081 | | W | 1998-08-01<br><br>Credit Card Purchases | | | | $ 6,562.00 |
| Account No.   1123<br><br>Representing:<br>Chase | | | Michael D. Fine<br>131 S. Dearborn, 5th FL<br>Chicago IL 60603 | | | | |
| Account No.   8278<br><br>Creditor # : 11<br>Citi<br>P.O.Box 6241<br>Sioux Falls SD 57117 | | J | 2005-11-01<br><br>Credit Card Purchases | | | | $ 5,554.00 |
| Account No.   2497<br><br>Creditor # : 12<br>Citi Business<br>P.O. Box 688901<br>Des Moines IA 50368 | | W | 11/2005<br><br>Credit Card Purchases | | | | $ 6,500.00 |
| Account No.   2512<br><br>Creditor # : 13<br>Hfc<br>P.O. Box 1547<br>Chesapeake VA 23327 | | W | 2004-10-01<br><br>Credit Line | | | | $ 7,622.00 |

Sheet No. _2_ of _3_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $   $ 27,910.00

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules
and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

Official Form 6F (10/06) - Cont. West Group, Rochester, NY

In re _Jeffrey Bernard Roach and Elizabeth A. Peery_ ,      Case No. _____

**Debtor(s)**                                                                                   **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   1920 *Creditor # : 14* Mcydsnb 9111 Duke Blvd Mason OH 45040 | | W | 1988-02-01 *Credit Card Purchases* *Macy's* | | | | $ 547.00 |
| Account No:   9814 *Creditor # : 15* Thd/cbsd P.O. Box 6003 Hagerstown MD 21747 | | H | 2006-03-01 *Credit Card Purchases* | | | | $ 3,746.89 |
| Account No:   9814 *Representing:* Thd/cbsd | | | *Home Depot Credit Services* *P.O. Box 689055* *Des Moines IA 50364* | | | | |
| Account No:   3756 *Creditor # : 16* Unvl/citi P.O. Box 6241 Sioux Falls SD 57117 | | H | 2001-10-01 *Credit Card Purchases* | | | | $ 24,994.00 |
| Account No: | | | | | | | |
| Account No: | | | | | | | |

Sheet No.   _3_ of   _3_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

**Subtotal $**    $ 29,287.89

**Total $**    $ 83,923.37

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

FORM B6G (10/05) West Group, Rochester, NY

In re _Jeffrey Bernard Roach and Elizabeth A. Peery_ _____ / Debtor        Case No. _____

                                                                                                    (if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State the nature of
debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing
addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, indicate that by stating
"minor child" and do not disclose the child's name. See 11 U.S.C 112 Fed.R.Bankr.P. 1007(m).

☐ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, including Zip Code, of other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| *Russ Campbell*<br>*2231 Briggs*<br>*Waterford MI   48329* | Contract Type: *Residential lease*<br>Terms: *annual lease @ $900/month*<br>Beginning date: *8/1/2007*<br>Debtor's Interest: *Lessee*<br>Description: *Rental contract for Michigan residence*<br><br>Buyout Option: *n/a* |

In re *Jeffrey Bernard Roach and Elizabeth A. Peery* _____ / Debtor    Case No. _____

(if known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California Idaho, Louisiana, Nevada, New Mexico, Puerto Rico Texas, Washington, or Wisconsin) within the eight year period immediately preeceding the commencement of the case, identify the name of the debtors spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, indicate that by stating "a minor child" and do not disclose the childs name. See 11 U.S.C 112 ; Fed.Bankr.P. 1007(m).

☒ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
|  |  |

Official Form 6I (10/06) West Group, Rochester, NY

In re _Jeffrey Bernard Roach and Elizabeth A. Peery_____ ,      Case No. _____
                          **Debtor(s)**                                                                    **(if known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

| Debtor's Marital | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| Status:<br>_Married_ | RELATIONSHIP(S):<br>_Daughter_ | | AGE(S):<br>_12_ |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | _Switch Tech_ | _Unemployed_ |
| Name of Employer | _Excel/Comtel Telcom Assets LLC_ | |
| How Long Employed | _8 years_ | |
| Address of Employer | _433 East Las Colinas Blvd_<br>_Irving TX  75039_ | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ | _5,643.26_ | $ _0.00_ |
| 2. Estimate Monthly Overtime | $ | _0.00_ | $ _0.00_ |
| 3. SUBTOTAL | $ | _5,643.26_ | $ _0.00_ |
| 4. LESS PAYROLL DEDUCTIONS | | | |
|     a. Payroll Taxes and Social Security | $ | _1,052.02_ | $ _0.00_ |
|     b. Insurance | $ | _306.76_ | $ _0.00_ |
|     c. Union Dues | $ | _0.00_ | $ _0.00_ |
|     d. Other (Specify):  _401(k) Plan_ | $ | _169.30_ | $ _0.00_ |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | _1,528.08_ | $ _0.00_ |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | _4,115.18_ | $ _0.00_ |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ | _0.00_ | $ _0.00_ |
| 8. Income from Real Property | $ | _0.00_ | $ _0.00_ |
| 9. Interest and dividends | $ | _0.00_ | $ _0.00_ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | _0.00_ | $ _0.00_ |
| 11. Social Security or government assistance<br>   Specify: | $ | _0.00_ | $ _0.00_ |
| 12. Pension or retirement income | $ | _0.00_ | $ _0.00_ |
| 13. Other monthly income<br>   Specify:  _Net Rental Income_ | $ | _49.00_ | $ _0.00_ |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | _49.00_ | $ _0.00_ |
| 15. AVERAGE MONTHLY INCOME    (Add amounts shown on lines 6 and 14) | $ | _4,164.18_ | $ _0.00_ |
| 16. COMBINED AVERAGE MONTHLY INCOME:    (Combine column totals<br>    from line 15; if there is only one debtor repeat total reported on line 15) | | $ | _4,164.18_ |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

Official Form 6J (10/06) West Group, Rochester, NY

In re *Jeffrey Bernard Roach and Elizabeth A. Peery* ,     **Case No.** _____

**Debtor(s)**                                                          **(if known)**

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) ............................................ | $  2,622.00 |
|    a. Are real estate taxes included?   Yes ☒   No ☐ | |
|    b. Is property insurance included?   Yes ☒   No ☐ | |
| 2. Utilities: a. Electricity and heating fuel ......................................................................... | $  265.00 |
|       b. Water and sewer | $  90.00 |
|       c. Telephone | $  25.00 |
|       d. Other   *Cable/Internet* | $  10.00 |
|       Other   *Security* | $  10.00 |
|       Other | $  0.00 |
| 3. Home maintenance (repairs and upkeep) ..................................................................... | $  20.00 |
| 4. Food | $  290.00 |
| 5. Clothing | $  30.00 |
| 6. Laundry and dry cleaning | $  6.00 |
| 7. Medical and dental expenses | $  185.00 |
| 8. Transportation (not including car payments) | $  190.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $  20.00 |
| 10. Charitable contributions | $  0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|       a. Homeowner's or renter's | $  0.00 |
|       b. Life | $  0.00 |
|       c. Health | $  0.00 |
|       d. Auto | $  72.00 |
|       e. Other | $  0.00 |
|       Other | $  0.00 |
|       Other | $  0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage) | |
| (Specify) | $  0.00 |
| 13. Installment payments: (In chapter 11, 12,  and 13 cases, do not list payments to be included in the plan) | |
|       a. Auto | $  399.00 |
|       b. Other: | $  0.00 |
|       c. Other: | $  0.00 |
|       d. Other: | $  0.00 |
| 14. Alimony, maintenance, and support paid to others | $  0.00 |
| 15. Payments for support of additional dependents not living at your home | $  0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) .................. | $  0.00 |
| 17. Other:  *Hair cuts, personal exp.s* | $  20.00 |
|    Other:  *Tuition, Student Fees* | $  20.00 |
|    Other: | $  0.00 |
| 18. AVERAGE MONTHLY EXPENSES   Total lines 1-17. Report also on Summary of Schedules | $  4,274.00 |
|    and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

| | |
|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | |
|    a. Average monthly income from Line 16 of Schedule I | $  4,164.18 |
|    b. Average monthly expenses from Line 18 above | $  4,274.00 |
|    c. Monthly net income (a. minus b.) | $  (109.82) |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# NORTHERN DIVISION

In re *Jeffrey Bernard Roach and Elizabeth A. Peery*

Case No.

Chapter   **7**

_____ / Debtor

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data"if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A-Real Property | *Yes* | *1* | $   *375,000.00* | | |
| B-Personal Property | *Yes* | *3* | $   *16,850.00* | | |
| C-Property Claimed as Exempt | *Yes* | *1* | | | |
| D-Creditors Holding Secured Claims | *Yes* | *2* | | $   *373,965.00* | |
| E-Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | *Yes* | *1* | | $   *0.00* | |
| F-Creditors Holding Unsecured Nonpriority Claims | *Yes* | *4* | | $   *83,923.37* | |
| G-Executory Contracts and Unexpired Leases | *Yes* | *1* | | | |
| H-Codebtors | *Yes* | *1* | | | |
| I-Current Income of Individual Debtor(s) | *Yes* | *1* | | | $   *4,164.18* |
| J-Current Expenditures of Individual Debtor(s) | *Yes* | *1* | | | $   *4,274.00* |
| TOTAL | | *16* | $   *391,850.00* | $   *457,888.37* | |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## NORTHERN DIVISION

In re *Jeffrey Bernard Roach and Elizabeth A. Peery*          Case No.

Chapter    **7**

_____ / Debtor

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

## This information is for statistical purposes only under 28 U.S.C. § 159.

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| **Domestic Support Obligations (from Schedule E)** | $ *0.00* |
| **Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) (whether disputed or undisputed)** | $ *0.00* |
| **Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E)** | $ *0.00* |
| **Student Loan Obligations (from Schedule F)** | $ *0.00* |
| **Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E** | $ *0.00* |
| **Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F)** | $ *0.00* |
| **TOTAL** | $ *0.00* |

State the following:

| | |
|---|---|
| **Average Income (from Schedule I, Line 16)** | $ *4,164.18* |
| **Average Expenses (from Schedule J, Line 18)** | $ *4,274.00* |
| **Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20)** | $ *5,692.26* |

State the following:

| | | |
|---|---|---|
| **1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column** | | $ *0.00* |
| **2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column** | $ *0.00* | |
| **3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column** | | $ *0.00* |
| **4. Total from Schedule F** | | $ *83,923.37* |
| **5. Total of non-priority unsecured debt (sum of 1, 3, and 4)** | | $ *83,923.37* |

Official Form 6, Declaration (10/06) West Group, Rochester, NY

In re *Jeffrey Bernard Roach and Elizabeth A. Peery* _____        Case No. _____
                                            Debtor                                                        (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY AN INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____17_____ sheets, and that they are true and correct to the best of my knowledge, information and belief.


Date: *11/16/2007* _____        Signature */s/ Jeffrey Bernard Roach* _____
                                                                    *Jeffrey Bernard Roach*


Date: *11/16/2007* _____        Signature */s/ Elizabeth A. Peery* _____
                                                                    *Elizabeth A. Peery*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# NORTHERN DIVISION

In re: *Jeffrey Bernard Roach*
   *and*
   *Elizabeth A. Peery*

Case No.

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. Do not include the name or address of a minor child in this statement. Indicate payments, transfers and the like to minor children by stating "a minor child." See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. If the answer to an applicable question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

---

## DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor my also be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporation debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

---

### 1. Income from employment or operation of business

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                 SOURCE

*Year to date: $57,542*
*Last Year: $66,353*
*Year before: $57,464*

---

### 2. Income other than from employment or operation of business

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                 SOURCE

*Year to date: estimated*       *Net rental Income*
*($2,500)*
*Last Year: Estimated*
*($5,000)*

Form 7 (4/07)  Thomson West, Rochester, NY

QUESTION 2 CONTINUED ...

AMOUNT                                    SOURCE

*Year before: ($8,638)*

---

### 3. Payments to creditors

Complete a. or b., as appropriate, and c.

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor, made within 90 days immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.(Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| *Chase Bank USA N.A. v. Elizabeth Peery, 07 M1 132512* | *Collection action* | *Circuit Court of Cook County, Illinois, First Municipal District* | *Pending* |

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

### 5. Repossessions, foreclosures and returns

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

### 6. Assignments and receiverships

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 7. Gifts

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.(Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 8. Losses

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 9. Payments related to debt counseling or bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Payee: James Schelli, Jr.* *Address:* *1730 Park Street, Suite 220* *Naperville, IL 60563* | *Date of Payment: 07/28/2007* *Payor: Jeffrey Bernard Roach* | *$1,250.00* |

## 10. Other transfers

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a benificiary.

☒ NONE

## 11. Closed financial accounts

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 12. Safe deposit boxes

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint

petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

### 13. Setoffs

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

### 14. Property held for another person

List all property owned by another person that the debtor holds or controls.

☒ NONE

---

### 15. Prior address of debtor

If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

☒ NONE

---

### 16. Spouses and Former Spouses

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

☒ NONE

---

### 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to disposal sites.

"Hazardous Material" means anything defined as hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law:

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

☒ NONE

---

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

☒ NONE

---

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

☒ NONE

---

Statement of Affairs - Page 4

**18. Nature, location and name of business**

a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencment of this case.

☒ NONE

---

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

☒ NONE

---

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  11/16/2007          Signature   */s/ Jeffrey Bernard Roach*
                          of Debtor

Date  11/16/2007          Signature   */s/ Elizabeth A. Peery*
                          of Joint Debtor
                          (if any)

FORM B8 (10/05) West Group, Rochester, NY

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## NORTHERN DIVISION

In re *Jeffrey Bernard Roach and Elizabeth A. Peery*          Case No.

Chapter   7

_____ / Debtor

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

☒  I have filed a schedule of assets and liabilities which includes debts secured by property of the estate.

☒  I have filed a schedule of executory contracts and unexpired leases which includes personal property subject to an unexpired lease.

☒  I intend to do the following with respect to the property of the estate which secures those debts or is subject to a lease:

| Description of Secured Property | Creditor's Name | Property will be Surrendered | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|---|
| *Rental property in Michigan* | *Wells Fargo Home Mortg* | | | | X |
| *Personal Residence* | *Washington Mutual* | | X | | X |
| *2004 Pontiac Grand Prix* | *G M A C* | | X | | X |
| *Personal Residence* | *Chase* | | X | | X |

| Description of Leased Property | Lessor's Name | Lease will be assumed pursuant to 11 U.S.C. § 362(h)(1)(A) |
|---|---|---|
| | | |

### Signature of Debtor(s)

Date: _11/16/2007_          Debtor: */s/ Jeffrey Bernard Roach* _____

Date: _11/16/2007_          Joint Debtor: */s/ Elizabeth A. Peery* _____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# NORTHERN DIVISION

In re *Jeffrey Bernard Roach*
      *and*
      *Elizabeth A. Peery*

Case No.
Chapter **7**

_____ / Debtor

Attorney for Debtor: ***James Schelli, Jr.***

## VERIFICATION OF CREDITOR MATRIX

The above named Debtor(s) hereby verify that the attached list of creditors is true and correct to the best of our knowledge.

Date: _____

***/s/ Jeffrey Bernard Roach***_____
Debtor

***/s/ Elizabeth A. Peery***_____
Joint Debtor

Alliedinterstate
800 Interchange West
435 Ford Road
Minneapolis, MN  55426

Chase
Po Box 901039
Fort Worth, TX  76101

Mcydsnb
9111 Duke Blvd
Mason, OH  45040


AT&T
Dallas, TX

Chase
800 Brooksedge Blvd
Westerville, OH  43081

Mr William Neary
227 W. Monroe
Suite 3350
Chicago, IL  60606


Bank Of America
P.O. Box 1598
Norfolk, VA  23501

Michael D. Fine
131 S. Dearborn, 5th FL
Chicago, IL  60603

Jeffrey Bernard Roach
583 Gamble Drive
Lisle, IL  60532


Bank Of America
P. O. Box 17054
Wilmington, DE  19884

Citi
P.O.Box 6241
Sioux Falls, SD  57117

Elizabeth A. Peery
583 Gamble Drive
Lisle, IL  60532


Bank Of America
P. O. Box 1598
Norfolk, VA  23501

Citi Business
P.O. Box 688901
Des Moines, IA  50368

Thd/cbsd
P.O. Box 6003
Hagerstown, MD  21747


Cap One Bk
P.O. Box 85520
Richmond, VA  23285

G M A C
5400 Gateway Ctr
Flint, MI  48507

Unvl/citi
P.O. Box 6241
Sioux Falls, SD  57117


Cap One Bk
Po Box 85520
Richmond, VA  23285

Hfc
P.O. Box 1547
Chesapeake, VA  23327

Washington Mutual
Po Box 1093
Northridge, CA  91328


Carson Pirie Scott
P.O. Box 10327
Jackson, MS  39289

Home Depot Credit Services
P.O. Box 689055
Des Moines, IA  50364

Wells Fargo Home Mortg
3476 Stateview Blvd
Fort Mill, SC  29715


Carson Pirie Scott Retail S
P.O. Box 17264
Baltimore, MD  21297

James Schelli, Jr.
1730 Park Street, Suite 220
Naperville, IL  60563

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# NORTHERN DIVISION

In re *Jeffrey Bernard Roach*
          *and*
      *Elizabeth A. Peery*

Case No.
Chapter  7

_____ / Debtor

Attorney for Debtor: *James Schelli, Jr.*

## PETITIONER'S AFFIDAVIT

Petitioner has not had a case pending under Title 11 at any time in the preceding 180 days where:

1)   the case was dismissed by the Court for willful failure of the debtor to abide by orders of the Court, or to appear before the Court in proper prosecution of the case; or

2)   the petitioner requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by Section 362 of Title 11.

Under penalty of perjury, I declare I have read this statement and to the best of my knowledge and belief it is true.

Dated: _____

*/s/ Jeffrey Bernard Roach*
_____
                               Signature of Petitioner

*/s/ Elizabeth A. Peery*
_____
                            Signature of Joint Petitioner